UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:08-cr-21 |
| | ) | Judge Collier/Carter |
| BRODERICK LAY, aka "COCO" | ) | |

REPORT AND RECOMMENDATION

I. Introduction

Defendant Broderick Lay's Motion and Memorandum to Suppress (Doc. 12) is before the undersigned Magistrate Judge having been referred for a report and recommendation pursuant to 28 U.S.C.§ 636(b)(1)(B). Defendant seeks to have the search of his residence suppressed on the ground that the search warrant lacked probable cause. For the reasons stated herein, it is RECOMMENDED the defendant's motion to suppress be DENIED.

II. Relevant Facts

The facts are contained within the four corners of the affidavit and search warrant for the defendant's residence at 3905 B Creekview Lane in Chattanooga, Tennessee. The search warrant and affidavit in support thereof are filed as Doc. 15-2 at pages 2-3. The affidavit supporting probable cause sets forth in relevant part:

> (2.) That on February 15th 2008, your affiant received information from a confidential informant.
>
> (3.) The said informant advised me that within the last 72 hours said informant was on the premises of the potential defendant in this case, John Doe Alias "CoCo," who resides in or occupies and is in possession of the following described premises, to wit; the target location is a brick duplex with pink shutters. This duplex is the 3rd house on the right side of the road in the 3900 block of Creekview Ln. after turning onto Creekview Ln. from Cain Ln. There is a pink mailbox in front of the duplex which has the numbers 3905 printed on the mailbox.

1

The door to be entered is the right front door if facing the duplex from Creekview Ln. Chattanooga, Hamilton County, Tennessee. While there said informant saw legend and/or narcotic drugs including Crack Cocaine, the same being on said premises in the possession of and control of said John Doe "CoCo."

(4.) The said informant further advised your affiant that John Doe Alias "CoCo" is selling Crack Cocaine from the above listed address.

(5.) The said informant further advised your affiant that another black male is selling Crack Cocaine from the above listed address.

(6.) Your affiant was able to corroborate some of the information provided by the said informant. Det. Yates and Det. Palmer conducted surveillance on the above listed address. During that time they observed short term traffic which is consistent with drug houses.

(7.) The said informant has made at least one "controlled buy" from the above said address for your affiant, with this buy occurring within the last 72 hours. The following controls were in place: Under the direction and control of your affiant, the said informant was physically checked or searched by your affiant for any type of contraband, your affiant found none on the informant who was visually monitored entering the premises. The informant conducted the hand to hand drug transaction, specifically money for Crack Cocaine. Your affiant then observed the informant leave the said premises. Your affiant, close in time thereafter personally retrieved from the informant Crack Cocaine purchased by the informant and suspected to be Crack Cocaine. Your affiant personally inspected the Crack Cocaine and found it to match in color, texture, shape, and odor the controlled substance known as Crack Cocaine. Your affiant followed appropriate procedures or safeguards which ensured that the currency supplied to the informant prior to the purchase was spent as directed, and your affiant again physically checked or searched the informant and found no other contraband on the informant. This purchase was made by the informant, the informant made no stops or had no contact with any individuals before handing Crack Cocaine to your affiant.

(8.) Your affiant has known the said informant for approx. 3 years.

(9.) The said informant has provided your affiant information on at least three occasions in the past that have lead to the arrests of individuals in violation of narcotic laws, this includes arrests for Crack Cocaine.

III. Discussion

*1. Analysis - Probable Cause*

The defendant asserts the affidavit does not set forth the requisite probable cause to issue the warrant. Beyond that he does not specify in any way why the warrant lacks probable cause. In the alternative, defendant asserts the warrant is defective and should be suppressed. He cites Federal Rules of Criminal Procedure 12(b)(3), which provides such motions shall be raised before trial and Rule 41(f) which generally governs the Executing and Return of search warrants under the Federal Rules.

"In reviewing a state magistrate's determination of probable cause, this Court pays 'great deference' to a magistrate's findings, which 'should not be set aside unless arbitrarily exercised.'" *United States v. Leake*, 998 F.2d 1359, 1363 (6th Cir. 1993) (quoting *United States v. Pelham*, 801 F.2d 875, 877 (6th Cir. 1986), *cert. denied*, 479 U.S. 1092 (1987) (citing *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). A warrant must be upheld "so long as the magistrate had a substantial basis for . . . conclud[ing] that a search would uncover evidence of wrongdoing . . ." *United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). A magistrate's probable cause determination should be made in "realistic and common sense fashion," and reviewed in the same manner. *United States v. Finch*, 998 F.2d 349 351 (6th Cir. 1993) (further citations omitted).

"Probable cause for the issuance of a search warrant is defined in terms of whether the affidavit sets out facts and circumstances which indicate a 'fair probability that evidence of a crime will be located on the premises of the proposed search.'" *Finch*, 998 F.2d at 352 (quoting *United States v. Bowling*, 900 F.2d 926, 930 (6th Cir.), *cert. denied*, 498 U.S. 837 (1990)). The probable

cause affidavit must stand or fall solely on the information provided within its fours corners. *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996). The Supreme Court in *Illinois v. Gates*, 462 U.S. 213 (1983) adopted a "totality of the circumstances" test for determining whether an affidavit establishes probable cause for the issuance of a warrant. *Id*. at 230. The Sixth Circuit in *United States v. Shamaeizadeh*, 80 F.3d 1131, 1136 (6th Cir. 1996) described the application of the *Gates* test:

> In applying its "totality of the circumstances" test, the *Gates* court identified three factors in determining whether probable cause existed: 1) the basis of the informant's knowledge; 2) the reliability of the informant; and 3) the corroborative evidence presented by the government. *Gates*, 462 U.S. at 230-32, 245, 103 S.Ct. at 2328-29, 2335-36; *Leake*, 998 F.2d at 1363. The Gates court noted that these factors are not to be analyzed as "separate and independent requirements to be rigidly exacted in every case." *Gates*, 462 U.S. at 230, 103 S.Ct. at 2328. Rather, the reviewing court is to weigh them together in determining whether they form a substantial basis for finding probable cause. *Id.* The strength of one or more of these factors may compensate for the deficiencies of another factor. *Gates*, 462 U.S. at 233-34, 103 S.Ct. at 2329-30.

(Internal footnote omitted), *see also United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999). In keeping with this "totality of the circumstances test," corroboration is not always necessary.

> When an informant has a proven track record for providing reliable information, corroboration of the information he provides is not necessarily essential, as long as there is sufficient indication of his basis of knowledge for concluding that contraband or evidence of a crime will be found in a particular place. *See Draper v. United States*, 358 U.S. 307, 313, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959) (information may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of supplying reliable information, or if it is corroborated by independent evidence).

*United States v. Smith*, 182 F.3d 473, 481 n. 4 (6th Cir. 1999); *see also Shamaeizadeh*, 80 F.3d at 1136 n.2.

> The recognition of corroborative evidence as a factor in determining whether probable cause exists should not be construed as making this factor an explicit component of the "totality-of-the-circumstances" test. *Gates*, 462 U.S. at 230, 103

4

> S.Ct. at 2328.  The *Gates* court did not include this factor in the test itself.  *Id.*
> Nonetheless, the *Gates* court relied heavily on the police's corroboration of the
> information provided by the informant.  See *Leake*, 998 F.2d at 1363.  Therefore,
> while corroborative evidence is not an explicit component of *Gates's* "totality-of-
> the-circumstances" test, it remains an important factor in making the probable
> cause determination.  *Id.* at 1365.

*Id.* at 1136 n. 2; *see also United States v. Allen*, 211 F.3d 970, 976 (6th Cir. 2000) (*en banc*) (police corroboration is not required where the informant's reliability is sufficiently established; corroboration is "rightly" required where there is an absence of any indicia of the informant's reliability).

The search warrant affidavit at issue in this case clearly establishes "a fair probability that evidence of a crime [will] be located on the premises of the proposed search." *Bowling*, 900 F.2d at 930. CPD Detective Yates had explicit and detailed information concerning drug sales or drug possession on the premises of defendant's residence within the very recent past.  Furthermore, under the Sixth Circuit's opinion in *United States v. Allen*, 211 F.3d 970 (6th Cir. 2000) (*en banc*), the affidavit for the search warrant in the instant case passes constitutional muster.  The *Allen* decision held that an affidavit based upon personal observation of criminal activity by a confidential informant who has been named to the magistrate and who has provided reliable information to the police in the past about criminal activity, though without further specificity as to the type of such activity, can be sufficient for a magistrate to find probable cause to issue a warrant even without independent police corroboration.  *Id.* at 971; *see also, United States v. Pinson*, 321 F.3d 558, 563-64 (6th Cir. 2003) (Purchase of narcotics from a specific location by a named informant whose reliability was well-established was sufficient to support a search warrant for that location, even without the name of the seller). The *Allen* affidavit does not name the confidential informant; it states simply that the informant's name was disclosed to the judge to

5

whom the search warrant application was made.

In the instant case the affidavit does not state that Detective Yates informed the magistrate of the name of the confidential informant. However, the affidavit in the instant case contains much more detail and corroboration than the affidavit in *Allen*. In this affidavit, CPD Detective Tim Yates firmly establishes each of the three factors contemplated by *Gates* and *Shamaeizadeh* for evaluation of the totality of the circumstances. First, he establishes the basis of the informant's knowledge via the informant's personal observations of the presence of narcotics inside the defendant's residence within the preceding 72 hours. The CI made at least one "controlled buy" from the residence under the control of the Affiant within the last 72 hours. Second, Detective Yates establishes the reliability of the informant. Detective Yates notes that in the three years he has known her/him, the informant had personally provided him with information on at least three occasions which led to arrests for drug trafficking offenses including arrests involving the same drug, crack cocaine, at issue in this case. Third, in the affidavit, Detective Yates outlines corroborative facts for the information provided by the informant. Detective Yates conducted personal surveillance of the defendant's residence and observed the type of traffic associated with narcotics distribution at the residence. Further, the controlled buy of crack cocaine was made from the residence within the last 72 hours. I therefore conclude, based on the totality of the circumstances, that Detective Yates had probable cause to search the defendant's residence.

No other issues are raised with any particularity and further are not supported by any authority. There is an assertion that the warrant is defective and that it was improperly served. But there is no authority cited and no explanation given as to how the warrant is defective or how it was improperly served. Therefore, these issues are waived. *See* Wayne R. LaFave, "Search and

6

Seizure: A Treatise on the Fourth Amendment" (3d ed.1996) ( "it is commonly required that the motion [to suppress] must specify with particularity the grounds upon which the motion is based. The requirement is one of specificity in the statement of defendant's legal theory").

There is mention of Rule 41(f) of the Federal Rules of Criminal Procedure in Defendant's motion (Doc 12, p. 1). However, again, there is no factual basis given to allow the undersigned to know what objection is being raised. Furthermore, Rule 41 does not apply in cases such as this one where the search warrant was issued and executed by state officials. *See United States v. Bennett,* 170 F.3d 632, 635 (6th Cir. 1999) (quoting *United States v. Shields*, 978 F.2d 943, 945 (6th Cir. 1992) ("by its terms Rule 41 does not apply in a case where no federal officers are involved.")).

## IV. Conclusion

For the reasons stated herein, I **RECOMMEND** Defendant Broderick Lay's Motion to Suppress (Doc. 12) be **DENIED**.[1]

Dated: June 18, 2008         s/William B. Mitchell Carter
                             UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).